UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. ORTEGA,<br>　　　　Plaintiff,<br>　　v.<br>SANTA CLARA COUNTY JAIL, et al.,<br>　　　　Defendants. | Case No. 19-cv-00319-HSG<br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, an insanity acquittee at Napa State Prison,[1] filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events that happened at Santa Clara County Jail ("SCCJ") where he was previously incarcerated. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

---

[1] Plaintiff does not identify himself as an insanity acquittee in the complaint. However, the Court is familiar with Plaintiff because of the multiple actions he has filed in this court. As of January 17, 2019, Plaintiff was an insanity acquittee incarcerated at Napa State Hospital. *Ortega v. Ritchie, et al.*, C No. 18-cv-02944 HSG (PR), 2019 WL 251482, at *1 (N.D. Cal. Jan. 17, 2019).

§ 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

According to the complaint, on December 12, 2012, Plaintiff was kneeling to be handcuffed so that he could make a *pro per* legal phone call. Per procedure, he had his hands in the outside tray. SCCJ correctional officer A. Flores applied the handcuffs so tightly that it caused Plaintiff severe pain and cuts, and then proceeded to yank the handcuffs for approximately seven minutes. SCCJ correctional officers A. Flores, Malek, J. Diaz, and Dugamis together pulled on the handcuffs, hitting Plaintiff's wrists on both sides in an attempt to break his wrists. Soon thereafter, while Plaintiff was still cuffed and unable to move, Officer Malek pepper-sprayed Plaintiff in the face and chest; Officer A. Flores used a six inch stick to hit Plaintiff's wrists; and Officer A. Flores then used a one-inch silver blade to make three small cuts on Plaintiff's left wrist. Dkt. No. 1 at 3–4. SCCJ Chief Edwards Flores and SCCJ Captain David Sepulveda never responded to Plaintiff's appeal letter regarding this incident, and never disciplined Officers A. Flores, Malek, Diaz and Dugamis for their use of excessive force. Dkt. No. 1 at 5.

**C. Legal Claims**

Plaintiff alleges that Defendants' actions violated the Eighth Amendment's prohibition on cruel and unusual punishment. Dkt. No. 1 at 4. It is unclear whether, at the time of the alleged event, Plaintiff was a pretrial detainee or a prisoner. Plaintiff does not specify in the complaint whether he was a prisoner or pretrial detainee at the time of the alleged excessive force. Plaintiff has been a frequent litigant in this court, and based on the allegations in his prior complaints regarding constitutional violations that took place when he was incarcerated at SCCJ between 2007 and 2012,[2] it is possible that Plaintiff was a pretrial detainee at the time of the excessive force claim alleged in the instant complaint.

If Plaintiff was a pretrial detainee at the time of the alleged event, his constitutional right to be free from excessive force while in custody arises from the Due Process Clause of the Fourteenth Amendment which protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979)); *cf. Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment reasonableness standard applies to allegations of use of excessive force against pre-arraignment detainee). If Plaintiff was in custody pursuant to a lawful conviction, i.e. a prisoner, his constitutional right to be free from excessive force while in custody arises from the Eighth Amendment which prohibits the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Plaintiff's allegations that defendants SCCJ officers A. Flores, J. Diaz, Melek, and Dugamis yanked on his wrists while he was handcuffed and his hands were in the outside tray; and then,

---

[2] *See Ortega v. City of Santa Clara, et al.*, C No. 09-5527 SBA; *Ortega v. Smith, et al.*, C No. 11-1003 SBA; *Ortega, et al. v. Flavetta, et al.*, C No. 12-3426 KAW; *Ortega v. Davis, et al.*, C No. 12-4402 SBA; *Ortega v. Barbasa, et al.*, C No. 14-3783 HSG; *Ortega v. Ritchie, et al.*, C No. 15-4876 HSG; *Ortega v. Corso, et al.*, C No. 17-1339 HSG; and *Ortega v. Ritchie, et al.*, C No. 18-2944 HSG.

while he was handcuffed and unable to move, pepper-sprayed him, hit him, and cut him states a cognizable excessive force claim, whether under the Eighth Amendment or the Fourteenth Amendment.

However, Plaintiff has failed to state a § 1983 claim against either Chief E. Flores or Capt. Sepulveda. There is no supervisory liability under § 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only responsible for his or her own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that (1) Chief E. Flores and Capt. Sepulveda proximately caused the alleged use of excessive force, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); or (2) Chief E. Flores and Capt. Sepulveda failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from a custom or policy for which Chief E. Flores and Capt. Sepulveda were responsible, *see id.*; or (4) Chief E. Flores and Capt. Sepulveda knew of the alleged misconduct and failed to act to prevent future misconduct, *Taylor*, 880 F.2d at 1045. While Plaintiff alleges that Chief E. Flores and Capt. Sepulveda did not discipline Officers A. Flores, J. Diaz, Melek and Dugamis, and did not respond to his letters, there is no allegation that the failure to discipline caused additional misconduct by these officers. Because it appears possible that Plaintiff may be able to correct this deficiency, the Court will dismiss the excessive force claim against Chief E. Flores and Capt. Sepulveda with leave to amend, if Plaintiff can truthfully do so. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to *pro se* plaintiffs") (citation omitted).

Plaintiff has listed Santa Clara County Jail as a defendant in the caption of the complaint (Dkt. No. 1 at 1), but did not name SCCJ as a defendant when asked to identify defendants (*id.* at

4

3, and has made no allegations against SCCJ. Accordingly SCCJ is DISMISSED from this action.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The complaint states a cognizable excessive force claim against defendants SCCJ officers A. Flores, J. Diaz, Melek, and Dugamis, whether under the Eighth Amendment or the Fourteenth Amendment. Plaintiff's claims against Chief E. Flores and Capt. Sepulveda are DISMISSED with leave to amend. Santa Clara County Jail is DISMISSED from this action. The Clerk of the Court is directed to terminate Santa Clara County Jail as a party to this action.

2. If Plaintiff chooses to file an amended complaint to remedy the deficiencies in his claims against Chief E. Flores and Capt. Sepulveda, he must file the amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-00319 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claims which the Court has already found cognizable, and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint or from other pleadings by reference. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. Failure to file an amended complaint in accordance with this order in the time provided will result in the initial complaint remaining the operative complaint; this action proceeding in accordance with this order; and Chief E. Flores and Capt. Sepulveda being terminated from this action. The Clerk shall include two copies of a blank complaint form with a copy of this order to Plaintiff.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon **defendants A. Flores, J. Daiz, Melek, and Dugamis** at **Santa Clara County Jail, 150 West Hedding Street, San Jose, CA 95110-1718**. A courtesy copy of the complaint with

5

attachments and this order shall also be mailed to the Santa Clara Office of the County Counsel at 70 West Hedding Street, 9th Floor, San Jose CA 95110.

4. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **91 days** from the date this Order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c. Defendants shall file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn

testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 5/1/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge