UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. ORTEGA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD FLORES, et al.,<br><br>Defendants. | Case No. 19-cv-00319-HSG<br><br>**ORDER DISMISSING DEFENDANTS FLORES AND SEPULVEDA; GRANTING DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME; ORDER PLAINTIFF TO PROVIDE LOCATION OF UNSERVED DEFENDANT**<br><br>Re: Dkt. No. 15 |

Plaintiff, an insanity acquittee at Napa State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On May 1, 2019, the Court found that Plaintiff had stated a cognizable due process or Eighth Amendment claim against defendants A. Flores, J. Diaz, Melek, and Dugamis for the excessive use of force, and ordered service of the complaint on these defendants. Dkt. No. 7. The Court dismissed the claims against Chief E. Flores and Capt. Sepulveda with leave to amend and informed Plaintiff that if he wished to pursue claims against Chief Flores and Capt. Sepulveda, he must file an amended complaint stating cognizable claims against them by May 29, 2019. *Id.* The deadline has passed, and no amended complaint has been filed. Because the operative complaint does not state any cognizable actions against Chief E. Flores and Capt. Sepulveda, the Clerk of the Court is directed to terminate Chief E. Flores and Capt. Sepulveda as parties to this action.

Defendants Flores, Malek and Dias have requested an extension of time to file their dispositive motion. Dkt. No. 15. Good cause shown, Defendants' request is GRANTED. Defendants shall file their dispositive motion by **July 15, 2019**. Dkt. No. 15.

Counsel for defendants Flores, Malek and Dias does not represent Defendant Dugamis,

and states that San Mateo County is unable to ascertain the identity of Defendant Dugamis because during the relevant time period there was no deputy or officer with that name or a similar name working at the San Mateo County Jail. Dkt. No. 15 at 2. Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 120 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). It appears that Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendant Dugamis. Consequently, Plaintiff must remedy the situation or face dismissal of his claims against Defendant Dugamis without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, within **sixty (60) days** of the date this order is filed, Plaintiff must effect service on Defendant Dugamis, or submit to the Court sufficient information to identify and locate Defendant Dugamis such that the Marshal is able to effect service. Failure to do so will result in dismissal of Defendant Dugamis without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

For the reasons set forth above, the Court orders as follows.

1. The Clerk of the Court is directed to terminate Chief E. Flores and Capt. Sepulveda as parties to this action.

2. Defendants Flores, Malek and Dias's request for an extension of time to file their dispositive motion is GRANTED. Defendants shall file their dispositive motion by **July 15, 2019**. Dkt. No. 15.

3. Within **sixty (60) days** of the date this order is filed, Plaintiff must effect service on Defendant Dugamis, or submit to the Court sufficient information to identify and locate Defendant

1 | Dugamis such that the Marshal is able to effect service.

2 | This order terminates Dkt. No. 15.

3 | **IT IS SO ORDERED.**

Dated: 6/25/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge