UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. ORTEGA,<br><br>    Plaintiff,<br><br>        v.<br><br>A. FLORES, et al.,<br><br>    Defendants. | Case No. 19-cv-00319-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

**INTRODUCTION**

Plaintiff, an insanity acquittee at Napa State Prison,[1] filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events that happened at Santa Clara County Jail ("SCCJ") where he was previously incarcerated. Now pending before the Court is defendants' motion to dismiss this action as time-barred. Dkt. No. 24. Plaintiff has filed an opposition, Dkt. No. 28, and defendants have filed a reply, Dkt. No. 30. For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

**DISCUSSION**

**I.  Complaint**

According to the complaint, on December 12, 2012, Plaintiff was kneeling to be handcuffed so that he could make a *pro per* legal phone call. Per procedure, he had his hands in the outside tray. Plaintiff alleges that defendants SCCJ officers A. Flores, J. Diaz, Melek, and Dugamis[2] yanked on his wrists while he was handcuffed and his hands were in the outside tray;

---

[1] Plaintiff identifies himself as an insanity acquittee in the opposition to the motion to dismiss. Dkt. No. 28.
[2] Defendants state that, in December 2012, Santa Clara County did not employ any deputy named Dugamis or any deputy with a similar name. Dkt. No. 24 at 6 n.2.

and then, while he was handcuffed and unable to move, pepper-sprayed him, hit him, and cut him. Dkt. No. 1. The Court found that the complaint's allegations stated a claim for the excessive use of force under either the Eighth Amendment or the Fourteenth Amendment, depending on whether plaintiff was a pretrial detainee at the time of the relevant events.[3] Dkt. No. 7.

The instant action was filed on January 18, 2019. Dkt. No. 1.

## II. Request for Judicial Notice

Defendants have filed an unopposed request for judicial notice ("RJN"), requesting that the Court take judicial notice of the following documents which are attached as exhibits to the RJN: (A) Notice of Motion and Plaintiff's Opposition to Defendants' Summary Judgment Motion filed March 20, 2013 [Dkt. No. 73] in Case No. 09-cv-05527 SBA, *Ortega v. Santa Clara County Jail, et al.*; (B) Notice of Appeal filed October 15, 2013 [Dkt. No. 53] in Case No. 11-cv-01003 SBA, *Ortega v. Barbasa, et al.*; (C) Complaint filed December 31, 2013 [Dkt. No. 1]; Order of Partial Dismissal and of Service filed February 4, 2014 [Dkt. No. 6]; and Plaintiff's Opposition to Defendants' Motion for Summary Judgment filed July 11, 2014 [Dkt. No. 29], in Case No. 13-cv-06016 SBA, *Ortega v. San Jose Police Department Officer Mattocks, et al.*; (D) Complaint filed August 8, 2014 [Dkt. No. 1]; Order of Partial Dismissal and Service filed December 16, 2014 [Dkt. No. 10]; and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment filed September 3, 2015 [Dkt. No. 45] in Case No. 14-cv-03783 HSG, *Ortega v. Barbasa, et al.*; (E) Order of Service filed January 29, 2016 [Dkt. No. 11] and Notice of Appeal filed March 15, 2016 [Dkt. No. 50] in Case No. 15-cv-04876 HSG, *Ortega v. Ritchie, et al.*; (F) Complaint filed June 9, 2017 [Dkt. No. 1]; Order of Dismissal with Leave to Amend filed September 29, 2017 [Dkt. No. 7]; Third Order of Dismissal with Leave to Amend filed April 23, 2018 [Dkt. No. 13]; and Order of Dismissal filed October 12, 2018 [Dkt. No. 21] in Case No. 17-cv-03339 HSG, *Ortega v. Corso, et al*. The Court GRANTS the request for judicial notice because these documents are pleadings filed in a court and have a direct relation to the matters at

---

[3] Plaintiff also named as defendants SCCJ Chief Flores and Captain Sepulveda. Dkt. No. 1. The Court dismissed the claims against Defendants Flores and Sepulveda with leave to amend. Dkt. No. 7. Because Plaintiff did not file an amended complaint, the Court terminated Defendants Flores and Sepulveda from this action. Dkt. No. 20.

issue, and because these pleadings or documents can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.") (internal quotation marks and citation omitted); Fed. R. Evid. 201(b).

**III.     Motion to Dismiss**

      **A.     Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When assessing the legal sufficiency of a plaintiff's claims, the court must accept as true all material allegations of the complaint and all reasonable inferences that may be drawn therefrom. *Id.* Dismissal is proper under Rule 12(b)(6) "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Id.* The court must liberally construe a *pro se* litigant's complaint. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.v1990). Conclusory allegations of law are insufficient to defeat a Rule 12(b)(6) motion. *Lee v. County of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). In deciding a Rule 12(b)(6) motion, the court may take judicial notice of documents whose authenticity are not questioned and of matters of public record. *Id.* at 688-89 (discussing Fed. R. Evid. 201(b)). The court need not accept as true allegations that contradict matters properly subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001)

Although a Rule 12(b)(6) motion usually is not available to raise an affirmative defense, it may be used when the complaint contains allegations showing a complete defense or bar to recovery, such as a statute of limitations problem. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Dismissal on statute of limitations grounds can be granted pursuant to

3

Rule 12(b)(6) only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the action was timely. *Id.*

**B.     Statute of Limitations**

Section 1983 does not contain its own limitations period.[4] "Without a federal limitations period, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing *Wilson v. Garcia*, 471 U.S. 261, 276–79 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–78 (2004)); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007). Section 1983 actions are characterized as personal injury actions for statute of limitations purposes. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at section 335.1 of the California Code of Civil Procedure. Cal. Civ. Proc. § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002). Section 335.1 therefore sets forth the applicable statute of limitations for Section 1983 actions brought in California. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (applying California's prior one-year statute of limitations to Section 1983 action).

While state law provides the statute of limitations, it is federal law that determines when a cause of action accrues and the statute of limitations begins to run. *Wallace*, 549 U.S. at 388; *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991–92.

However, a federal court must also give effect to a state's tolling provisions when applicable. *See Hardin v. Straub*, 490 U.S. 536, 538, 544 (1989); *Marks v. Parra*, 785 F.2d 1419,

---

[4] Plaintiff incorrectly reads *Owens v. Okure*, 488 U.S. 235 (1989), as holding that there is no statute of limitations for Section 1983 claims. Dkt. No. 25 at 2. *Owens* explains that while Congress did not specify a statute of limitations for Section 1983 claims, in 42 U.S.C. § 1988 Congress endorsed the borrowing of state-law limitations provisions for 42 U.S.C. § 1983 claims where doing so would be consistent with federal law. *Owens*, 488 U.S. at 239 (citing to 42 U.S.C. § 1988). In other words, while 42 U.S.C. § 1983 itself does not specify a statute of limitations, 42 U.S.C. § 1988 provides that courts should adopt the statute of limitations of the forum state to determine the appropriate statute of limitations for a Section 1983 claim.

4

1419–20 (9th Cir. 1986). In relevant part, California law provides for statutory tolling for the time during which a plaintiff lacks the legal capacity to make decisions and for a portion of his or her time of imprisonment. *See* Cal. Code Civ. Proc. §§ 352(a), 352.1(a).[5] Section 352(a) of the California Code of Civil Procedure provides that if the plaintiff lacks the legal capacity to make decisions at the time the cause of action accrued, the time during which the plaintiff lacks legal capacity is not part of the time limited for the commencement of the action. *See* Cal. Civ. Proc. Code § 352(a). Section 352.1 of the California Code of Civil Procedure provides that if the plaintiff is imprisoned on a criminal charge for a term less than life at the time the cause of action accrued, the statute of limitations is tolled for the time he is imprisoned, not to exceed two years. *See* Cal. Civ. Proc. Code § 352.1(a). The statute of limitations begins to run immediately after the recognized disability period ends. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 378–89 (9th Cir. 1998) (applying California law).

California courts also apply equitable tolling to extend the limitations period. *Lukovsky v. San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). Equitable tolling focuses on "whether there was excusable delay by the plaintiff: if a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002). Under California's test for equitable tolling, a plaintiff must establish "'timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal.4th 88, 102 (Cal. 2008) (quoting *Addison v. Calif.*, 21 Cal.3d 313, 319 (Cal. 1978)). "[T]he effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded." *Lantzy*, 31

---

[5] California law also provides for statutory tolling of a civil action against a peace officer or the public entity employing the peace officer while criminal charges are pending against the plaintiff where the civil action concerns the peace officer's conduct relating to the offense for which the plaintiff is charged. Cal. Gov't Code § 945.3. This statutory tolling provision is inapplicable here. Plaintiff has not alleged that criminal charges were filed against him with respect to the December 12, 2012 incident, and defendants have found no evidence of any such charges. Dkt. No. 24-1 ("Serverian Decl."), at ¶¶ 9-10.

Cal. 4th at 370 (emphasis in original). Equitable tolling is sparingly applied, *Addison*, 21 Cal.3d at 316, and is "designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied," *McDonald*, 45 Cal.4th at 99 (internal quotation marks and citation omitted). The Ninth Circuit has held that "California's equitable tolling doctrine operates to toll a statute of limitations for a claim asserted by a continuously confined civil detainee who has pursued his claim in good faith" and applied Cal. Civ. Proc. Code § 352.1(a) to civil detainees. *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004).

### C. Analysis

Defendants argue that plaintiff's claim accrued on December 12, 2012, when the alleged excessive force took place, and expired on December 12, 2014, thereby rendering his claim untimely. Defendants argue that plaintiff is not entitled to statutory tolling pursuant to Cal. Civ. Proc. Code § 352.1(a) because he does not allege that he lacked legal capacity at the time of the incident. Defendants also argue that plaintiff is not entitled to equitable tolling because his litigation history during the relevant time period indicates that he was capable of timely filing these claims, because defendants were not previously on notice of this claim, because defendants were prejudiced by the six-year delay in filing this action, and because plaintiff acted in bad faith and unreasonably in waiting six and a half years to bring this action.

Plaintiff argues that he is entitled to statutory tolling pursuant to Cal. Civ. Proc. § 352.1(a) because he was committed on May 7, 2007 and September 4, 2007, and because he was found not guilty by reason of insanity on October 18, 2013 in Santa Clara County Superior Court Case Nos. CC761488 and CC768862. Dkt. No. 28 at 1-2. Plaintiff states that he has not yet been restored to sanity. Dkt. No. 28 at 2. In support of his allegation that he lacks the legal capacity to make decisions, plaintiff has provided the Court with a December 5, 2012 psychological evaluation that was submitted in Santa Clara County Superior Court in in Case No. CC761487. Dkt. No. 28-1. Defendants respond that Section 352(a) does not apply because plaintiff does not meet the legal test for insanity under this section and because he has ably litigated many actions since 2012, noting that between 2013 and 2017, plaintiff has litigated six other actions against the County or

6

1 City of San Jose.

### 1. Statutory Tolling

The Court finds that plaintiff has failed to demonstrate that he is entitled to statutory tolling pursuant to Section 352(a). Plaintiff has not demonstrated that he was incapable of understanding the nature or effect of his acts with respect to seeking relief in state and federal courts from December 12, 2012, while the alleged excessive force took place, to January 18, 2019, when the instant action was filed. The December 5, 2012 psychological evaluation was prepared prior to the relevant time period and relied on meetings with plaintiff that took place prior to December 12, 2012, specifically on August 27, 2012 and October 16, 2012.[6] Dkt. No. 28-1. Nor does commitment to a psychiatric institution conclusively determine insanity for tolling purposes. *Hsu v. Mt. Zion Hosp.*, 66 Cal. Rptr. 659, 665–66 (Cal. Ct. App. 1968). Commitment to a psychiatric institution merely raises a rebuttable presumption of insanity. *Id.* "As used in Code of Civil Procedure section 352, subdivision 2, the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." *Id.* at 664 (discussing prior version of Cal. Civ. Proc. Code § 352.1(a)). Plaintiff has not presented evidence supporting his allegation that he was unable to understand the nature and effects of his acts within the meaning of Cal. Code Civ. Proc. § 352(a) on December 12, 2012. He is therefore not entitled to statutory tolling pursuant to Cal. Code Civ. Proc. § 352(a).

Nor is plaintiff entitled to a two-year tolling of the limitations period pursuant to Cal. Code Civ. Proc. § 352.1(a). Plaintiff states that he is an insanity acquittee, and that he was found not guilty by reason of insanity. Accordingly, on December 12, 2012, plaintiff was either a pretrial

---

[6] In addition, the December 5, 2012 psychological evaluation only assessed whether plaintiff was legally insane within the meaning of Cal. Penal Code § 25(b) when he assaulted correctional officers on September 4, 2007 and did not opine on whether he lacked the legal capacity to make decision within the meaning of Cal. Civ. Proc. Code § 352(a). Dkt. No. 28-1. The evaluation also contradicts plaintiff's claim that he has been legally insane since May 7, 2007. The evaluation reports that since 2007 he has been found legally sane at times and has been restored to competency for periods of time. Dkt. No. 28-1 at 6-7, 10. The evaluation further states that plaintiff's mental disorder fluctuates in severity and that he copes with his illness by exaggerating and over-reporting his suffering. Dkt. No. 28-1 at 10-11.

7

detainee or insanity acquittee and was not serving a criminal sentence. Plaintiff is therefore not entitled to statutory tolling pursuant to Cal. Code Civ. Proc. § 352.1(a).

### 2. Equitable Tolling

To the extent that plaintiff is arguing that he should be entitled to equitable tolling of the limitations period because he was insane, legally or otherwise, at the time the cause of action accrued, the Court finds this argument to be without merit. Plaintiff has not demonstrated the necessary reasonable and good faith conduct required for equitable tolling. Specifically, between 2013 to 2019, plaintiff has actively litigated, and even settled, other lawsuits. *See* RJN, Exs. A-F. This litigation activity indicates that plaintiff's mental health did not render him incapable of filing and actively pursuing litigation to protect his rights. Plaintiff's delay in bringing this suit was therefore neither reasonable nor good faith conduct.

Nor is plaintiff entitled to equitable tolling of the limitations period on the grounds that he has been continuously confined since his claim accrued. *Jones*, 393 F.3d at 930. As discussed above, plaintiff did not pursue these claims in good faith, waiting six years from the date the claims accrued to bring this action.

### 3. Applicable Limitations Period

Plaintiff's claim accrued on December 12, 2012, when the incident occurred. While plaintiff is entitled to tolling based on his confinement status, Plaintiff is not entitled to statutory tolling pursuant to Cal. Code Civ. Proc. § 352(a) (disability of mental illness) or Cal. Code Civ. Proc. § 352.1(a) (imprisonment pursuant to criminal sentence), or equitable tolling based on his mental health or his continued incarceration as a civil detainee or insanity acquittee. The statute of limitations began to run on December 12, 2012, and expired two years later on December 12, 2014. The instant action, filed on January 18, 2019, a little over four years after the limitations period expired, is untimely.

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss this action as barred by the statute of limitations. The Clerk shall enter judgment in favor of defendants and against plaintiff and close the file.

This order terminates Dkt. No. 24.

**IT IS SO ORDERED.**

Dated: 11/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge