UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS A. ORTEGA,

    Plaintiff,

v.

A. FLORES, et al.,

    Defendants.

Case No. 19-cv-00319-HSG

**ORDER DENYING REQUEST FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60**

Re: Dkt. No. 34

This is a closed civil rights case. Plaintiff, an insanity acquittee at Napa State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events that happened at Santa Clara County Jail ("SCCJ") where he was previously incarcerated. Dkt. No. 1. On November 27, 2019, the Court granted defendants' motion to dismiss this action as time-barred and entered judgment in favor of defendants. Dkt. Nos. 31, 32. On December 19, 2019, plaintiff filed a motion requesting relief from a judgement or order, pursuant to Fed. R. Civ. P. 60(a), which the Court construes as a motion for reconsideration of the order of dismissal.[1] Dkt. No. 34. For the reasons set forth below, the Court DENIES the motion for reconsideration.

**DISCUSSION**

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the

---

[1] Plaintiff brings the motion pursuant to Fed. R. Civ. P. 60(a). Fed. R. Civ. P. 60(a) allows for corrections of clerical mistakes in judgments, orders, or other parts of the record. Because plaintiff argues that the Court erred in finding that this action is time-barred, the Court construes this motion as brought either pursuant to Fed. R. Civ. P. 59(e), which allows for a judgment to be altered or amended, or Fed. R. Civ. P. 60(b), which allows for relief from a judgment or order.

Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

Because the denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b), the Court considers only whether plaintiff is entitled to reconsideration pursuant to Rule 59(e). *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Here, plaintiff argues that the Court has committed clear error in finding that he was not entitled to equitable tolling pursuant to Cal. Code Civ. Proc. § 352(a). Cal. Code Civ Proc. § 352(a) provides that where a plaintiff lacks the legal capacity to make decisions at the time the cause of action accrued, the time during which the plaintiff lacks legal capacity is not part of the time limited for the commencement of the action. *See* Cal. Civ. Proc. Code § 352(a). Plaintiff argues that he is entitled to tolling of the limitations period pursuant to Section 352(a) because he was found not guilty by reason of insanity on May 7, 2007, and September 4, 2007, and because in a prior case, Case No. 14-cv-03783, this Court did not find that plaintiff's claims were time-barred. Plaintiff's first argument was already considered and rejected in the Court's order of dismissal. *See* Dkt. No. 31 at 7. A motion for reconsideration is not to be used as a mechanism for the party to rehash unsuccessful arguments already presented. *See Maraziti v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995) (citing *Ackermann v. United States*, 340 U.S. 193, 199–201 (1950)). Plaintiff's second argument is presented for the first time in his motion for reconsideration. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In addition, plaintiff's second argument is

incorrect. In Case No. 14-cv-03783, timeliness was not an issue and the Court did not consider, much less make a determination regarding, plaintiff's legal capacity to make decisions, either at the time of the incidents alleged in Case No. 14-cv-03783 or on December 12, 2012 (the date of the incident at issue in the instant action). The Court also did not consider, or make a determination regarding, the timeliness of Case No. 14-cv-03783. *See generally Ortega v. Babasa, et al.*, C No. 14-cv-03783 HSG (PR), Dkt. No. 45 (Sept. 3, 2015). In Case No. 14-cv-03783, the Court granted summary judgment in favor of defendants with respect to the September 30, 2007 excessive force claim, and the parties later reached settlement regarding the September 5, 2007 excessive force claim. *Ortega v. Babasa, et al.*, C No. 14-cv-03783 HSG (PR), Dkt. No. 45 (Sept. 3, 2015); Dkt. No. 85 (Apr. 6, 2017). Moreover, whether Case No. 14-cv-03783 was time-barred has no bearing on whether this action is time-barred. Case No. 14-cv-03783 arises out of a September 5, 2007 incident, whereas the relevant incident in this action took place on December 12, 2012. As discussed in the Court's November 27, 2019 order of dismissal, plaintiff has not presented evidence from which it can be reasonably concluded that he lacked the legal capacity to make decisions on December 12, 2012. Although plaintiff was found not guilty by reason of insanity on May 7, 2007 and September 4, 2007, these findings are not dispositive regarding plaintiff's legal capacity to make decisions on December 12, 2012, and the December 5, 2012 psychological evaluation reported that since 2007, plaintiff had been restored to competency for periods of time. Dkt. No. 28-1 at 6-11.

The Court finds that it did not commit clear error in dismissing this action as time-barred and therefore DENIES the motion for reconsideration, whether brought pursuant to Fed. R. Civ. P 59(e) or Fed. R. Civ. P. 60(b).

**CONCLUSION**

For the reasons set forth above, plaintiff's motion for reconsideration is DENIED. Dkt. No. 34. This case remains closed.

//

//

//

3

This order terminates Dkt. No. 34.

**IT IS SO ORDERED.**

Dated: 12/26/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge