UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. ORTEGA,<br>          Plaintiff,<br>   v.<br>A. FLORES, et al.,<br>          Defendants. | Case No. 19-cv-00319-HSG<br><br>**ORDER VACATING ORDER OF DISMISSAL AND JUDGMENT; SETTING BRIEFING SCHEDULE** |

Plaintiff, an insanity acquittee at Napa State Hospital and proceeding *pro se*, filed the instant civil rights action under 42 U.S.C. § 1983. For the reasons set forth below, the Court VACATES the November 27, 2019 order of dismissal and related judgment (Dkt. Nos. 31, 32), and orders briefing on the issue of whether this action is time-barred.

**DISCUSSION**

**I.     Procedural Background**

On January 18, 2019, Plaintiff commenced the instant action. The Court found that the complaint stated a cognizable claim for excessive force, in violation of either the Eighth Amendment or the Fourteenth Amendment, against Santa Clara County Jail officers A. Flores, J. Diaz, Melek, and Dugamis. Dkt. No. 7. On November 27, 2019, the Court granted Defendants' motion to dismiss the action as time-barred, finding *inter alia* that Plaintiff's commitment to Napa State Hospital and the finding that he was not guilty by reason of sanity in an unrelated state criminal proceeding did not entitle him to either statutory or equitable tolling. *See generally* Dkt. No. 31. The Court entered judgment in favor of Defendants that same day. Dkt. No. 32.

Plaintiff appealed. Dkt. No. 33.

On December 9, 2021, the Ninth Circuit found that this Court erred in dismissing the

1  action as time-barred. Dkt. No. 45. The Ninth Circuit reversed and remanded for further

2  proceedings. *Id.* Pursuant to the remand, the Clerk reopened this action on January 3, 2022. Dkt.

3  No. 46.

4  Accordingly, the Court VACATES the November 27, 2019 order of dismissal and related

5  judgment (Dkt. Nos. 31, 32).

6  **II.   Setting Briefing Schedule**

7  Whether Plaintiff's action is time-barred is a threshold issue that should be determined

8  before proceeding to the merits of this action. Accordingly, the Court orders as follows.

9  Within 90 days of the date of this order, Defendants shall file a summary judgment motion

10 addressing whether this action is time-barred. Plaintiff's opposition to Defendants' motion shall

11 be filed and served no later than twenty-eight (28) days from the date Defendants' motion is filed.

12 Defendants shall file a reply brief no later than fourteen (14) days after Plaintiff's opposition is

13 filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will

14 be held on the motion. If the Court finds that this action is not time-barred, the Court will allow a

15 second round of dispositive motions addressing the merits of the case.

16 Plaintiff is reminded that a motion for summary judgment under Rule 56 of the Federal

17 Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in

18 order to oppose a motion for summary judgment. Generally, summary judgment must be granted

19 when there is no genuine issue of material fact — that is, if there is no real dispute about any fact

20 that would affect the result of your case, the party who asked for summary judgment is entitled to

21 judgment as a matter of law, which will end your case. When a party you are suing makes a

22 motion for summary judgment that is properly supported by declarations (or other sworn

23 testimony), you cannot simply rely on what your complaint says. Instead, you must set out

24 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

25 as provided in [current Rule 56(c)], that contradict the facts shown in Defendants' declarations and

26 documents and show that there is a genuine issue of material fact for trial. If you do not submit

27 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

28 If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v.*

*Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). The Court's December 29, 2016 screening order allowed for the parties to engage in discovery in accordance with the Federal Rules of Civil Procedure. If Plaintiff believes that he requires further discovery to oppose a dispositive motion, he should promptly make the necessary discovery requests so that he may timely oppose the dispositive motion according to the schedule set forth in this order.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court VACATES the November 27, 2019 order of dismissal and related judgment (Dkt. Nos. 31, 32).

2. Within 90 days of the date of this order, Defendants shall file a summary judgment motion addressing whether this action is time-barred. Plaintiff's opposition to Defendants' motion shall be filed and served no later than twenty-eight (28) days from the date Defendants' motion is filed. Defendants shall file a reply brief no later than fourteen (14) days after Plaintiff's opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

**IT IS SO ORDERED.**

Dated: 1/7/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3