UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. ORTEGA,<br><br>             Plaintiff,<br><br>      v.<br><br>A. FLORES, et al.,<br><br>             Defendants. | Case No. 19-cv-00319-HSG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 53 |

      Plaintiff, an insanity acquittee at Napa State Hospital and proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 alleging that, on or about December 12, 2012, Santa Clara County Jail officers used excessive force on him in violation of the Eighth Amendment. *See* Dkt. Nos. 1, 7. The Court has ordered briefing on the limited issue of whether Plaintiff's action is time-barred. Dkt. No. 47.

      Plaintiff requests that the Court appoint him counsel for the following reasons: "compl[i]cations with mental health issues;" the possibility that medical professionals will be called as expert witnesses by either party to address Plaintiff's mental health issues; Plaintiff has to complete 18 hours of treatment, training, or stress relief activities a week in order to be ready for his release from incarceration, which leaves him little time to research or litigate this action; COVID-19 lockdowns make it difficult to research caselaw and obtain photocopies; his status as a *pro se* litigant makes it difficult to conduct discovery, provide initial disclosures, draft dispositive motions, respond to defendants, present expert testimony, and determine witness credibility; Plaintiff has previously litigated lawsuits and lost; the legal issues are complicated; and because of factors such as Plaintiff's educational background, literacy level, and prior work experience. Dkt. No. 53.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* At this initial stage, the likelihood of Plaintiff's success on both the threshold issue of timeliness and the merits of this action is uncertain; Plaintiff has ably articulated his claims *pro se* so far despite the difficulties and restrictions he has described;[1] and the legal issues do not appear unduly complex. Plaintiff has failed to demonstrate exceptional circumstances that would require appointment of counsel. Plaintiff's request for appointment of counsel is DENIED without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require.

This order terminates Dkt. No. 53.

**IT IS SO ORDERED.**

Dated: 2/14/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court is aware that Plaintiff was represented by counsel on appeal. Dkt. No. 44. The Ninth Circuit found that appointment of pro bono counsel in the appeal would benefit its review, but made no finding as to whether this case poses the kind of exceptional circumstances that require appointment of counsel. *Id.* The Court has reviewed the record and finds that Plaintiff has thus far ably represented himself *pro se*.

2