UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. ORTEGA,<br><br>Plaintiff,<br><br>v.<br><br>A. FLORES, et al.,<br><br>Defendants. | Case No. 19-cv-00319-HSG<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE DISPOSITIVE MOTION; GRANTING IN PART AND DENYING IN PART REQUEST FOR COPIES**<br><br>Re: Dkt. Nos. 55, 56 |

Plaintiff, an insanity acquittee at Napa State Hospital and proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 alleging that, on or about December 12, 2012, Santa Clara County jail officers used excessive force on him in violation of the Eighth Amendment. *See* Dkt. Nos. 1, 7. Now pending before the Court are the following motions: (1) Plaintiff's request for copies of the docket, Dkt. No. 55; and (2) Defendants' request for an extension of time to file their dispositive motion on the threshold issue of whether this action is time-barred, Dkt. No. 56.

Good cause being shown, Defendants' request for an extension of time to file their dispositive motion is GRANTED. Dkt. No. 56. By October 7, 2022, Defendants shall file their dispositive motion on the threshold issue of whether this action is time-barred. Plaintiff's opposition to this dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief in support of their dispositive motion no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

Plaintiff's request for a copy of the docket sheet and for copies of Dkt. Nos. 43 to 51 is GRANTED IN PART AND DENIED IN PART. Plaintiff seeks copies of these documents

pursuant to Fed. R. Civ. P. 79(a)(1)(2)(A)(B) and appears to allege that some of these pleadings were not served upon him. The Court GRANTS the request for a courtesy copy of the docket sheet and will have the docket sheet sent under separate cover. The Court DENIES the request for courtesy copies of certain pleadings. Fed. R. Civ. P. 79(a) does not impose an obligation upon the Court to provide Plaintiff with courtesy copies of the docket sheet or of pleadings. Fed. R. Civ. P. 79(a). Fed. R. Civ. P. 79(a) requires that the Clerk of the Court maintain a civil docket for each civil action and prescribes what items what must be entered into the docket and how they should be marked and entered. Fed. R. Civ. P. 79(a). In addition, the docket indicates that Plaintiff was served with, or otherwise had access to, Dkt. Nos. 43-51. The docket indicates that Plaintiff was served with Dkt. Nos. 43, 47, 51 by the Court. Dkt. Nos. 44-46, 48 are orders issued by the Ninth Circuit Court of Appeals. Plaintiff is represented by counsel on appeal. If he seeks copies of orders issued regarding his appellate hearing, he may request them from his appellate counsel or seek these copies from the Ninth Circuit directly. Dkt. Nos. 49 and 50 are motions filed by Plaintiff. Plaintiff may obtain copies of pleadings if he fills out the appropriate photocopy form and pays the related photocopying fees. A photocopy form will be sent to Plaintiff under separate cover.

This order terminates Dkt. Nos. 55 and 56.

**IT IS SO ORDERED.**

Dated: 3/24/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge